[Civ. No. 3736.   First Appellate District, Division One.—April 28, 1921.]

CENTRAL IRON WORKS (a Corporation), Appellant, v. CALIFORNIA BAKING COMPANY (a Corporation), Respondent.

[1] CONTRACT—ACCEPTANCE OF BID FOR STEEL WORK—CONFLICT OF EVIDENCE—APPEAL.—Where in an action for breach of an alleged contract of acceptance of a bid for steel construction work the evidence is sharply and substantially conflicting upon every point in which the execution and validity of the contract is involved, the findings and judgment for the defendant cannot be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Cabaniss, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Louis H. Brownstone for Appellant.

tum Suden & tum Suden for Respondent.

RICHARDS, J.—This action was instituted by the plaintiff to recover damages from the defendant for its alleged breach of a contract by the terms of which the plaintiff was alleged to have had its aid for the steel work upon a certain structure in contemplation of erection by the defendant accepted, but performance thereunder prevented by the fact that the defendant did not construct the building for the steel work upon which the plaintiff's bid had been made. The defendant by its answer denied that such a contract had ever been entered into by it, and the cause went to trial upon that issue, in the course of which a large amount of evidence was presented *pro* and *con* by the respective parties; and the cause being submitted the court made general findings to the effect that those paragraphs of the plaintiff's complaint wherein it was alleged that the contract had been entered into between the respective parties to the action in substance as above stated were untrue, and that the paragraph of the defendant's answer wherein the existence of any such contract was denied was true. Judgment was accordingly rendered in the defendant's favor, and from such judgment this appeal has been taken.

[1] We have carefully examined the somewhat voluminous record herein with a view to ascertaining whether any other question is presented than that of the insufficiency of the evidence to sustain the findings and judgment of the trial court; and we are not only unable to find that any other question is so presented, but we are able to find that upon the single issue of the sufficiency of the evidence to sustain the findings and judgment of the trial court the evidence is so sharply and substantially conflicting upon every point in which the execution and validity of the contract in dispute is involved as to bring the case fully within the rule universally applied to such cases.

The appellant's two contentions are, first, that the defendant's secretary in indorsing upon the plaintiff's bid the words, "Accepted on behalf of the California Baking Company, M. Wiessenhutter, Secretary," had power to bind, and hence had bound, the corporation; and, second, that its board of directors by their subsequent conduct, with knowl-

edge on the part of a majority of their number of the existence of such indorsement, had ratified the action of its secretary. On both of these questions the evidence is hopelessly in conflict. An instance of these irreconcilable conflicts in the testimony may be cited. The architect Righetti testified that a short while before the defendant's secretary came to his office and affixed said indorsement to the plaintiff's bid he had received a telephone message from Mr. Loesch, the president and general manager of the defendant, that he was sending Mr. Wiessenhutter to sign the bid. Mr. Loesch himself was dead at the time of the trial, and hence his testimony was not available; but the secretary himself testified that he had not been so instructed nor so sent nor authorized, but had acted entirely upon his own initiative in the matter, and had affixed his signature to the bid in question without authority or direction so to do but under certain persuasions on the part of the architect. In the presence of conflicts in the evidence of which the above is but one of many examples the trial court made its findings against the plaintiff's contention.

The attitude of this court with relation to cases wherein the evidence is substantially conflicting is set forth clearly and at length in the case of *Anglo American Land Co.* v. *Heine, post,* p. 472, [198 Pac. 1009], to which reference is made.

With the legal questions and cases presented by the appellant we have no present dispute, but the substantial conflicts in the evidence as to which these are sought to be applied leave no room for their application.

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 27, 1921.